**OFFICE OF PUBLIC ADVOCACY, Petitioner,**

v.

**SUPERIOR COURT, SECOND JUDICIAL DISTRICT, Respondent.**

No. A–2613.

Court of Appeals of Alaska.

Sept. 22, 1989.

J. John Franich, Asst. Public Advocate, and Brant McGee, Public Advocate, Anchorage, for petitioner.

Frances C. Lindemann, Burr, Peach & Kurtz, Anchorage, for respondent.

Judith K. Bush, Fairbanks, Carol H. Daniel, Anchorage, and Alaska Legal Services, for D.S., Sr., as amicus curiae.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

BRYNER, Chief Judge.

A petition for adjudication of delinquency was filed against D.G., a minor. D.G.'s parents requested court-appointed counsel during the adjudication phase of the case. This request was denied by Superior Court Judge Michael I. Jeffery. Judge Jeffery stated that he would leave open the question of whether an attorney would be appointed to represent the parents in the disposition phase of the case. The parents renewed their request for court-appointed counsel after D.G. was adjudicated a delinquent, but prior to the disposition phase of the case. The court granted their request and appointed the Office of Public Advocacy (OPA). OPA petitioned this court for review of the trial court's order, and we granted the petition. The issue presented is whether D.G.'s parents were entitled to court-appointed counsel under AS 44.21.-410(a)(4). This is a question of statutory interpretation, which we review *de novo. Anderson v. Anderson,* 736 P.2d 320, 321 (Alaska 1987).

The superior court concluded that D.G.'s parents were entitled to appointed counsel for the disposition phase of the delinquency proceedings, and that OPA was responsible for providing that representation, under AS 44.21.410(a)(4), which provides:

(a) The office of public advocacy shall (4) provide legal representation ... to indigent parties in cases involving child custody in which the opposing party is

1. Our disposition of this issue makes it unnecessary for us to reach the other issue which Lewis raises.

represented by counsel provided by a public agency....

The court reasoned that the disposition phase of a delinquency proceeding is a "case[ ] involving child custody," as contemplated by the statute.

OPA argues that AS 44.21.410(a)(4) simply adopted the language of *Flores v. Flores*, 598 P.2d 893, 896 n. 12 (Alaska 1979), which involved a custody dispute between parents in a divorce proceeding. The court in *Flores* found that the indigent mother had a constitutional right to counsel because her husband was represented by counsel provided by a public agency. OPA argues that, because the language of AS 44.21.410(a)(4) mirrors the language of the holding in *Flores*, the statute was not meant to extend beyond the circumstances involved in that case.

We find OPA's argument unpersuasive. In the present case, it is undisputed that D.G.'s parents are indigent and that the state, a public agency, actively sought actual custody of D.G. at the disposition phase of the delinquency hearing. Where the state actually seeks custody of a delinquent child, the disposition hearing in a delinquency proceeding is certainly a case "involving child custody." Parents involved in such a proceeding have the same concerns as those involved in a divorce proceeding—whether they will retain the right to direct the upbringing of their child. The plain language of the statute thus appears to be applicable.

We recognize, of course, that we are not bound by the literal meaning of the statutory language. "While a fundamental principle of statutory interpretation is that a statute means what its language reasonably conveys to others, reference to legislative history may provide an insight which is helpful to making a judgment concerning what a statute means." *North Slope Borough v. Sohio Petroleum Co.*, 585 P.2d

534, 540 (Alaska 1978) (footnote omitted). However, "[w]here a statute's meaning appears clear and unambiguous, ... the party asserting a different meaning bears a correspondingly heavy burden of demonstrating contrary legislative intent." *University of Alaska v. Geistauts*, 666 P.2d 424, 428 n. 5 (Alaska 1983).

In this case, OPA has demonstrated only that the language of the statute was derived from *Flores*. While OPA suggests that the statute is thus meant to be limited to the circumstances involved in *Flores*, it provides nothing to support this assertion. OPA has presented no statutory history indicating that AS 44.21.410(a)(4) was intended to be limited to cases like *Flores*. Nor has OPA demonstrated that the *Flores* court intended its decision to be narrowly limited to the facts of that case.

While the *Flores* court characterized the narrow issue presented as "whether an indigent party has the right to court-appointed counsel in a private child custody proceeding in which her spouse is represented by Alaska Legal Services Corporation," 598 P.2d at 893–94, the court elected to resolve the issue in somewhat broader terms, concluding, as does AS 44.21.410(a)(4), that the right to representation extends "to cases involving child custody where an indigent party's opponent is represented by counsel provided by a public agency." 598 P.2d at 896 n. 12. The scope of the court's language is sufficiently broad to include the circumstances of the present case, and no contrary intent is apparent.[1]

In holding that the due process clause of the Alaska Constitution guaranteed the right to counsel, the court in *Flores* noted that "[t]he interest at stake ... is one of the most basic of all civil liberties, the right to direct the upbringing of one's child." 598 P.2d at 895. *See also V.F. v. State*, 666 P.2d 42, 45 (Alaska 1983); *Reynolds v. Kimmons*, 569 P.2d 799, 802 (Alaska 1977).

---

1. OPA attempts to bolster its argument by pointing out other areas in which the Alaska Supreme Court, the Alaska Legislature, and the United States Congress have excluded delinquency proceedings from the class of cases involving child custody. However, the examples offered by OPA involve distinctly different contexts and have little to do with the intended scope of AS 44.21.410(a)(4). Indeed, we note that, if anything, the Alaska Legislature has frequently dealt with delinquency cases and dependency cases together. *See, e.g.*, AS 47.10 ("Delinquent Minors and Children in Need of Aid").

This vital interest is as much at stake in a delinquency proceeding where the state actively seeks to take custody from a child's parents as in a custody dispute between divorcing parents.

We conclude that, under AS 44.21.-410(a)(4), OPA was required to represent D.G.'s parents at the disposition phase of the delinquency proceedings. We emphasize that our decision is based on the particular circumstances of this case, in which the state actively sought to remove D.G. from his parents' custody. We express no view concerning cases in which the state does not actually seek to take physical custody of a child away from the child's parents. Similarly, we note that the interests of D.G. and his parents were clearly in conflict and that D.G.'s counsel therefore could not adequately have represented the interests of D.G.'s parents. We express no opinion on the need to appoint separate counsel for indigent parents in circumstances where the interests of the parents and their children merge.[2]

The trial court's order granting D.G.'s parents' request for court-appointed counsel is AFFIRMED.

**2.** In an amicus brief, D.S., Sr., the parent of another child involved in delinquency proceedings, further argues that the right to counsel should attach at the adjudicative phase of delinquency proceedings. However, the parties in this case did not raise or discuss this issue. There was no challenge to the superior court's ruling denying counsel at the adjudicative phase of D.G.'s proceedings, and we did not grant review on that issue. The issue is not properly before this court, and we decline to express any opinion on it.